UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,           Case No.  11-2479

   v.

ROBERT ESPINOSA FARIAS,

           Defendant - Appellant.

_____/

## MOTION TO DISMISS APPEAL

The United States of America, by and through its attorneys, Donald A. Davis, United States Attorney for the Western District of Michigan, and Jennifer L. McManus, Assistant United States Attorney, moves this Court to dismiss this appeal. In support of this motion, the United States submits the following:

1.     On September 22, 2010, a grand jury in the Western District of Michigan returned a third superseding indictment charging defendant Robert Espinosa Farias with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  (R.570: Third Superseding Indictment.)

2.     On April 11, 2011, pursuant to a written plea agreement, Defendant pled guilty to the charge (count one of the third superseding indictment) before Chief U.S.

District Judge Paul L. Maloney.  (R.570: Plea Agreement; R.744: Plea Tr.)

3.     In paragraph 7 of the plea agreement, Defendant agreed to waive the right to appeal "the sentence as determined by the Court at sentencing, and the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or any ground whatever."  (R.570: Plea Agreement ¶ 7.)

4.     The waiver provision in Defendant's plea agreement also specified: "Nevertheless, as a matter of law, Defendant retains the right to appeal a sentence that exceeds the statutory maximum or is based upon an unconstitutional factor, such as race, religion, national origin or gender."  (R.570: Plea Agreement ¶ 7.)

5.     Defendant acknowledged in the plea agreement that the appeal waiver provision was executed in exchange for "substantial concessions made by the United States Attorney's Office" in the plea agreement, including the government's agreement not to oppose an offense level reduction for acceptance of responsibility, not to file a notice pursuant to 21 U.S.C. § 851 of Defendant's prior felony drug convictions, which would have resulted in the mandatory minimum sentence increasing from 10 years to life, not to bring additional charges against Defendant, and not to call Defendant as a witness in the case.  (R.570: Plea Agreement ¶¶ 6, 7.)

6.     At Defendant's plea hearing, government counsel summarized the appeal waiver provision as follows: "He is also agreeing to a complete waiver, if you will,

of the direct appeal and collateral attack rights.  Obviously, if the sentence were over the maximum or was– he was sentenced for any reason that was unconstitutional, he would have that basis, but otherwise it is a complete waiver of his appellate rates [sic, should be "rights"].  (R.744: Plea Tr. 7-8.)

7.     At the plea hearing, the district court engaged in a colloquy with Defendant regarding the appeal waiver provision, and confirmed that Defendant understood that unless the court sentenced him "above the statutory maximum or on some unconstitutional factor, such as race or gender or something of that nature" he would not have a right to appeal the sentence.  (R.744: Plea Tr. 15.)

8.     The court concluded that Defendant had entered into the plea agreement knowingly and voluntarily.  (R.744: Plea Tr. 20-21.)

9.     On November 7, 2011, the district court formally accepted the plea agreement and sentenced Defendant.  (R.745: Sent. Tr.)  The court determined that Defendant's advisory guideline range was 324-405 months of imprisonment and sentenced Defendant within that range to 340 months.  (R.745: Sent. Tr. 2, 25.)

10.     On November 21, 2011, Defendant filed a notice of appeal.  Defendant's sole argument on appeal is that his sentence constitutes cruel and unusual punishment under the Eighth Amendment.  (Def.'s Br. 3.)  Defendant characterizes the appeal waiver provision in his plea agreement as "conditional" (Def.'s Br. 5) and

inaccurately characterizes the provision as constituting a complete waiver of appeal "unless the sentence exceeds the statutory maximum or was otherwise unconstitutional" (Def.'s Br. 12). Defendant likewise inaccurately asserts that the district court "remind[ed] Mr. Espinosa Farias that he was giving up his right to appeal his sentence with one of the exceptions being sentencing to an unconstitutional sentence." (Def.'s Br. 10.)

11.    As set forth above, the plea agreement states that Defendant retains the right to appeal a sentence that "is *based upon* an unconstitutional *factor*, such as race, religion, national origin, or gender." (R.570: Plea Agreement ¶ 7, emphases added.) Similarly, at the plea hearing, government counsel characterized the appeal waiver provision as a "complete waiver" (R.744: Plea Tr. 7), although Defendant nevertheless could appeal if "he was sentenced *for any reason* that was unconstitutional" (*id.* at 8, emphasis added). The district court also explained, and Defendant agreed he understood, that Defendant was giving up all of his appellate rights, except in relevant part if the court sentenced him "*on* some unconstitutional *factor*, such as race or gender or something of that nature." (*Id.* at 15, emphases added.)

12.    The plea agreement thus does not allow Defendant to raise on appeal *any* constitutional challenge to his sentence; rather, as set forth in the plea agreement and

4

as explained at the plea hearing, the plea agreement narrowly permits only an appeal of a sentence that is "based upon" an unconstitutional "factor," such as race, national origin, or gender.  Defendant does not argue that his sentence is "based upon" any unconstitutional factor.  A plain language reading of the appeal waiver prohibits a broad constitutional challenge to the sentence.

13.    This Court holds enforceable any knowing and voluntary agreement to waive the right to appeal in a written plea agreement.  *See, e.g., United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001).  This Court routinely dismisses appeals where the defendant has waived the right to appeal his sentence, either for lack of jurisdiction or pursuant to a "claim processing" rule.  *See United States v. McGilvery*, 403 F.3d, 361, 363 (6th Cir. 2005) (stating that Court "lack[ed] jurisdiction" over appeal due to appeal waiver); *United States v. Munoz*, 430 F. App'x 495, 497 (6th Cir. 2011) (dismissing appeal based on claim-processing rule) (citing *United States v. Caruthers*, 458 F.3d 459, 472 n.6 (6th Cir. 2006)).  Such agreements are appropriately raised as the subject of a motion to dismiss an appeal pursuant to Federal Rule of Appellate Procedure 27.  *See, e.g., United States v. Henderson*, No. 09-6261, 2010 WL 4451245, at *1 (6th Cir. Sept. 28, 2010).

14.    Defendant in this case knowingly and voluntarily waived his right to appeal his sentence.  His argument on appeal does not fall within the narrow

5

exceptions to what is otherwise a complete waiver of the right to appeal.

Accordingly, the appellate waiver in the plea agreement should be enforced and this appeal dismissed.

Respectfully submitted,

DONALD A. DAVIS
United States Attorney


/s/ Jennifer L. McManus
Dated: June 26, 2012             JENNIFER L. McMANUS
Assistant United States Attorney
United States Attorney's Office
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2012, the foregoing document was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

I further certify that a copy of the foregoing document was mailed on this date to the opposing party if he/she was not registered to receive the document by the Court's electronic filing system.

/s/ Jennifer L. McManus
JENNIFER L. MCMANUS
United States Attorney's Office
Post Office Box 208
Grand Rapids, MI  49501-0208
(616) 456-2404

7